Good morning, your honors. Your honor, may I begin? You honor, your honor, in this case, this is the main issue, although I brought some other issues, but the main issue is the sentencing court in Puerto Rico relied on uncharged or acquitted dismissed cases to impose the sentence against Mr. Rodriguez-Reyes. I'm sorry, acquitted conduct? You said acquitted conduct. Yes, ma'am. There were some cases that were dismissed on the Puerto Rico Speedy Trial Act. I'm sorry if I used the incorrect word, but the fact is that they were dismissed. The court relied on the Speedy Trial Act dismissal? Were those the domestic violence charges? They were dismissed, yes. Okay, so why do you think the district court relied on the domestic violence charges? Because if you read the transcript of the sentencing hearing, the court clearly stated that it was taking into account the recidivism of the client. And also, the court mentioned every case, the court recited every case by date and what happened to it. All of them were dismissed. The only cases that my client was convicted of were four cases, three cases, I'm sorry, three cases, and that amounted to four points as to the criminal history category. Yes, and the pre-sentence report made a recommendation to the judge and said basically the criminal history category is probably underrepresented here and you should consider an upward variance. And when the judge departs upward from the pre-agreement, the judge says, I find that the criminal history category is underrepresented. And we have opinions from this court saying that you can look at guilty pleas on that issue of underrepresentation. The PSR also said there is a risk of recidivism here. So, and of course, under the guidelines, you are supposed to, the probation office is supposed to look at the entire criminal history and that includes arrests. And I thought that was the issue here. The issue was that he had considered arrests. So, but let's refine that because our rule is not that you cannot consider arrests. Our rule is that you can consider arrests if there is reliable information. Okay. A number of these charges are drug charges, correct? Mm-hmm. That you say that this report considered on the question of underrepresentativeness and recidivism. Now, your client admitted he was a drug addict. In fact, some of these charges are dismissed only after he has committed, I'm sorry, he's engaged in a treatment program itself, an admission. And he tests positive for drugs when he is arrested. And he is arrested while he is out on a violation of the terms of his supervised release. So all of those would seem to be quite relevant to recidivism. Go ahead. Am I correct about all of that? Your Honor, maybe I have to define as to the situation of my client. As Judge Correa said, it's about arrests. And you have to rely on a recent opinion from this court, basically Marrero-Perez. Marrero-Perez is the same thing. The question in Marrero-Perez, as in this case, is how can we determine how much weight the sentencing court gave to the dismissed cases like over here? I'm sorry. Do you agree with me that the drug arrests have reliable information behind them such that the court is not relying merely on the fact of arrests? Yes, Your Honor, but that's exactly the point. Your point is a court cannot rely on arrests where there is reliable information? No. And you think that's what the Judge Boudin's opinion holds? No. What I think the opinion holds is that the sentencing court cannot rely on either acquitted or dismissed cases where there is no proof. Okay, so it's not a reliability test. It's a proof test. That's your argument? I would like to read you the language in that opinion and tell me whether it's met here or not. It says, we agree that as a matter of judicial policy, in this case and henceforth, no weight should be given in sentencing to arrests, not but arrests by convictions, or, and this is the language that I think is relevant, independent proof of conduct. Now, is there independent proof of conduct here, dealing with the arrests? I don't think so, Your Honor, it's because in the Puerto Rican court, there were two courts that dismissed cases against Mr. Padrillo-Reyes, Puerto Rico and Texas, in the past. In Puerto Rico, the Spirit Trial Act, what happens is, if the trial does not commence within the period stated by the law, it's just dismissed. So you cannot, there's no conviction. He admitted that he was a drug user. Yes, that is correct, Your Honor. And is that not proof? Well, Your Honor, but as to the cases in which there was a conviction, there's no doubt about that. But as to the cases that were dismissed, how can you tell? Counsel, what about the cases where he was dismissed after he underwent, on a diversion program, after he underwent drug treatment? Yes, but he went back to the diversion program and complied with it. I understand that. So your position is those arrests can't be considered? I'm just trying to get your position. Well, the thing is that the file as to those cases, once the client complies with the program, they're expunged. So you cannot, in Puerto Rico at least, you cannot take it into account. If they're expunged, it means that it never happened. And you cannot take that into account either for a sentence in the district court. And that's what happened. But the problem over here is like in Marrero, Your Honor, is that how much weight did the sentencing court use to sentence the client? Well, when you look at the district court's statement of reasons as to why it enhanced the sentence, it talks about the fact that there is an assault weapon which the client was trying to sell during the period when he was on supervised release, that he has a long history of drug addiction, that his criminal history is underrepresented. He is following the recommendations in the pre-sentence report. So it seems to me that unless you are going to drop the drug arrest totally out of this, and I don't think you can, that this case is not like the Marrero case. I believe it is like the Marrero case, Your Honor. The one thing I noticed from the transcript of the sentencing hearing is that the court took time to recite every case that was dismissed, and he mentioned that it was dismissed with the case. So we are supposed to, where the judge says, here are the reasons I'm enhancing, and the judge discusses all of the arrests from that mere discussion, we are supposed to conclude that there is error? Yes, Your Honor. Okay. Yes, Your Honor. Thank you. Thank you. All right. Mr. Rorstein, you're on. Good morning. Judge Charlayne, and may it please the court, David Bornstein on behalf of the United States. Four months after the defendant here was released from federal supervision, a local task force of Homeland Security and Puerto Rico police officers caught him trying to sell an AR-15, semi-automatic assault rifle, on the streets of Miami. Counsel, give us some credit. We know the facts of the case. We've got a narrow issue here. The defendant is alleging that the district court in sentencing relied in part on conduct or on arrests that are proscribed under our Morello opinion. So we have two questions on this appeal, and only two questions. Yes. First, did the district court rely in part on impermissible material? And secondly, if the district court did, is any such error harmless because there are a lot of other bad things in the record that could have supported an upward variance in this case? Those are the only two questions we've got. So can you give us some enlightenment on those? Absolutely. No, the district court did not rely on any impermissible materials. I would like to point out, if I may, first of all, the appellant's counsel just stood here saying the main issue was whether or not the district court did in fact rely upon arrests that did not lead to conviction. The unfortunate thing, though, is that argument is not squarely made in his brief. If you read his brief, his actual argument is he believes two things. One, that the district court did not adequately explain its sentence, choosing to talk about the reason why his criminal history was underrepresented, as opposed to the 3553A factors. As this court held, as you know, Judge Celia in Cortez Medina, under plain error, an adequate explanation of a sentence is never plain error. And as you also know, in Flores Macriote, this court held that whether a criminal history category is underrepresented is indeed a 3553A factor. Second, the defendant in his brief actually cites Cortez Medina for the proposition that a district court may consider arrests an imposing sentence. Well, he also cites the Marrero case. And I would like you to answer specifically what you believe to be independent proof of conduct regarding the arrests. That's the issue that I am thinking about. Absolutely, Your Honor. So when it comes to drug arrests, so we have six arrests. Four of them are arrests for marijuana possession. The defendant admitted both in his sentencing memorandum and to probation that since he is 12 years old, with only two exceptions, he has possessed and consumed marijuana every single day of his life. Those two exceptions is one when he is on pretrial diversion from his 2000 marijuana arrest in Puerto Rico. The second time, presumably, although he doesn't mention it, is when he is under federal supervision following his 2011 conviction for a fraud conspiracy. Other than that, he says every single day he has possessed and consumed marijuana, which I would note, as Your Honor knows, under Article 404 is a felony. Simple possession is a felony under Puerto Rico law. That is independent proof by the defendant himself that on each of the days that he was arrested for marijuana possession, he in fact did possess marijuana. We have two other arrests. One arrest is for a firearm possession, unlawful possession of a firearm under Puerto Rico law. Now, the defendant here is convicted of possessing a legal firearm. I believe this case, or I believe that the district court properly took account of his prior Puerto Rico arrests under this court's holding in the United States v. Tavares. It's a 1991 opinion that then-Chief Judge Breyer issued. In that case, Chief Judge Breyer said for the court, if you have a prior conviction that is similar in nature to the current conviction and there is actually the same, Tavares was convicted of an illegal firearm possession and his prior conviction was for possession of a deadly weapon. Second, if that prior arrest, sorry, I should have said prior arrest, if that prior arrest did not result in a conviction, but the charges were instead dismissed for reasons not dealing with the merits, so it wasn't an acquittal, and I believe in Tavares it was a dismissal on speedy trial grounds, which is precisely what we have here as the sentencing record makes clear. The defendant's prior arrest for legal possession of firearms was dismissed on speedy trial grounds. And third, if the PSR states the factual basis for that dismissed charge, which the PSR here did, stating that the defendant was charged with possessing a .380 caliber handgun with an obliterated serial number,  which again did not happen here, then under sentencing guidelines section 4A1.3E, I believe it is, the district court may consider that prior charge as prior similar conduct, not criminal conduct, not resulting in an arrest. So under Tavares... Excuse me. One of the factors you just listed was if the defendant does not contest the factual basis for the charge, the prior charge, right? Yes. What's the state of the record in this case with respect to the firearms charge? There is a line in the PSR stating that the basis for the charge, and you can find this on page 11 of the sealed appendix, that he was charged with legal possession of a Loriston Black .380 pistol with an obliterated serial number. So that is... But how do you get from that that the defendant doesn't contest the basis for the charge? No one is disputing the fact that he was charged, but what Justice Breyer's opinion says is that there has to be independent proof that the defendant doesn't dispute the basis for the charge. In other words, says, yes, I committed that. Was there an objection to that statement in the PSR? There was no objection to that statement in the PSR. How could he object to it? That statement is true. He was charged with that. We know that. Yes. Yes, Your Honor. But do we know anything more than that he was charged with it? We do not know more than that. We do know it's dismissed on speedy trial grounds, but my reading of Tavares is that the court did not say... You know, the court did not parse out what the PSR said in that case, saying, well, because it was drafted in terms of... Actually, the opinion doesn't even make a distinction as to how the PSR was drafted. The opinion simply says that because the PSR stated the factual basis of the charge, which is what we have here, the factual basis of the charge, the district court may infer that that was indeed prior conduct, similar adult conduct that did not lead to a conviction. Did defendant make the argument to the trial court here that that charge could not be, that arrest could not be considered? No, Your Honor. He did not contest to the court's consideration of anything, so this is clearly under plenary review. I'd also point out in his brief, he does not actually break apart any of his prior arrests resulting in conviction. He simply states that he believes that the court should have relied more on the 3553A factor as opposed to his arrests that did not result in conviction. I do want to point out, Judge Crowley, you said that the defendant cited Muriel Perez. He did not, and he did not for a simple reason. Muriel Perez was actually issued about two months after he filed his main brief. However, he did not file a 20HA letter, and he did not file a reply brief, which he could have done since we cited Muriel Perez in our own response brief. So the defendant has waived any argument here that the district court improperly relied upon his arrests. I will note he does actually make that argument in a single sentence in his summary of the argument, but as this court has held on many occasions, if the defendant simply raises an argument within the summary and does not develop it within the argument section of his brief, he has waived it. So we do believe that this case can be decided on terms of waiver. We believe that if you were to look at the arrests themselves, the district court properly relied on it for purposes of its finding that the defendant's criminal history was underrepresented. In Cortez Medina, for example, this court made perfectly clear that even without any facts about the underlying conduct, a district court may use prior arrests in order to find a heightened risk of recidivism. As this court said, and I'm quoting from the page 571 of Cortez Medina, and this is the amended opinion, the defendant's criminal history score underrepresented his culpability because of his patterns of arrests and the persistent lack of follow-up with respect to the charges that were initially preferred against him. The district court could well believe that even absent facts about the underlying conduct, those arrests spoke directly to the character of the individual and his risk of recidivism. That is a holding of this court stating that without any proof of the underlying conduct, arrests may be used in order to prove a heightened risk of recidivism, and that is not a one-off. This court held the same. And the Medina opinion does not purport to overrule Cortez Medina or our other cases that say that. Is that correct? Yes, Your Honor, it is correct. And I do believe that Cortez Medina simply held the more narrow holding that a district court may not use a prior arrest without conviction as proof of guilt of the underlying conduct. It said nothing about it precluding, and it could not say anything under the prior panel doctrine about it precluding the use of arrests as proof of recidivism. And I would simply like to point out, Your Honor, that an arrest without conviction is a very standard indication of recidivism. The Supreme Court has used it in opinions, and I do have... I think your time is up, but let me just tell you, I think using arrests presents also due process issues. It does not, Your Honor. Well, it does to me. I mean, finding somebody that hasn't been found guilty, I realize that I'm going against the current, but that's not the way I feel. Then if I just may say, in 2016, the U.S. Sentencing Commission issued its recidivism among federal offenders, a comprehensive overview. And the U.S. Sentencing Commission itself, if you read it, it states on page 7 of the report that one key recidivism measure is re-arrest. And it says re-arrest classifies a person as a recidivist if he or she has been arrested on a new crime after being released into the community, after serving a term of imprisonment. And they state, although many arrests now ultimately result in a reconviction or re-incarceration for reasons relating to procedural safeguards, such as suppression of the evidence or lack of prosecutorial resources, to the extent that a re-arrest event is an accurate indicator of relapse into criminal behavior, excluding events due to non-conviction or non-incarceration will result in an underestimation of recidivism. And so the U.S. Sentencing Commission itself uses re-arrest without reconviction as a measure of recidivism in this court's precedence. And I can name several others in which holdings of the court, and Judge Selle has actually offered many of them, have held that you can use a re-arrest without conviction for that purpose. And I simply want to say I believe that makes sense because even if... If you finish your statement, please, I will give you the opportunity, but it doesn't allow you to speak indefinitely. Thank you, Your Honor. We simply ask that you affirm the conviction, keeping in mind this court's prior precedence, and also that the main issue, as presented by the opponent, is actually not made in his brief. Thank you.